JUDGE RAKOFF

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - x

PEARSON EDUCATION, INC.,                  :
JOHN WILEY & SONS, INC.,                  :
CENGAGE LEARNING INC. AND                 :
THE MCGRAW-HILL COMPANIES, INC.,          :

                Plaintiffs,     :

      -against-                           :

IRINA SHMIDT D/B/A BOOKBUG                :
D/B/A BOOK_BUG D/B/A                       :
FIRST CLASS BOOKS AND                      :
JOHN DOES NOS. 1-5,                        :

            Defendants.   :

- - - - - - - - - - - - - - - - - x

08 CV 5388



RECEIVED
JUN 13 2008
U.S.D.C. S.D. N.Y.
CASHIERS

COMPLAINT

    Plaintiffs Pearson Education, Inc. ("Pearson"), John
Wiley & Sons, Inc. ("Wiley"), Cengage Learning Inc. ("Cengage")
and The McGraw-Hill Companies, Inc. ("McGraw-Hill"), by their
undersigned attorneys, for their complaint against defendants
Irina Shmidt d/b/a BookBug d/b/a Book_Bug d/b/a First Class
Books and John Doe Nos. 1 through 5, aver:

<u>Nature of the Action</u>

    1.  Plaintiffs are bringing this action to enforce
their copyrights and trademarks against defendants' unlawful
sale in the United States of non-United States versions of
plaintiffs' educational books.

<u>Jurisdiction and Venue</u>

2.    This Court has subject matter jurisdiction over the first two claims in this action pursuant to 28 U.S.C. §§ 1331 and 1338 because they arise under the Copyright Act, 17 U.S.C. § 101 <u>et seq</u>., or the Lanham Act, 15 U.S.C. § 1051 <u>et seq</u>.  This Court has subject matter jurisdiction over the third claim in this action pursuant to 28 U.S.C. § 1367 because it is so related to the claims within the original jurisdiction of this Court that they form part of the same case or controversy within the meaning of Article III of the United States Constitution.

3.    Upon information and belief, venue is proper in this District pursuant to 28 U.S.C. § 1391.

<u>Parties</u>

4.    Pearson is a corporation organized and existing under the laws of the State of Delaware with its principal place of business at One Lake Street, Upper Saddle River, New Jersey 07458.

5.    Wiley is a corporation organized and existing under the laws of the State of New York with its principal place of business at 111 River Street, Hoboken, New Jersey 07030.

6.    Cengage is a corporation organized and existing under the laws of the State of Delaware with its principal place

of business at 200 First Stamford Place, 4th Floor,
Stamford, Connecticut 06902.

7.   McGraw-Hill is a corporation organized and
existing under the laws of the State of New York with its
principal place of business at 1221 Avenue of the Americas, New
York, New York 10020.

8.   Upon information and belief, defendant Irina
Shmidt is a natural person presently residing at 3623 Jasmine
Avenue, Apartment 111, Los Angeles, California 90034.

9.   Upon information and belief, defendants John Doe
Nos. 1-5 are associates of Irina Shmidt whose identities are
presently unknown to plaintiffs.

<u>The Businesses of Plaintiffs</u>

10.   Each plaintiff publishes a variety of works,
including educational books.

11.   As a standard practice, each plaintiff requires
its authors to assign the copyright to them or grant them the
exclusive rights of reproduction and distribution in the United
States.  This practice enables each plaintiff to maximize
dissemination of each work.

12.   Plaintiffs invest significant monies to publish
their copyrighted works.  Plaintiffs, for example, make
substantial investments in royalties, content creation,

licensing, copyediting, proofreading, typesetting, layout, printing, binding, distribution, and promotion.

13. Plaintiffs earn a substantial portion of their revenue from the publication of their copyrighted works and would suffer serious financial injury if their copyrights were not enforced. A substantial decline in their income could cause plaintiffs to cease publishing one or more deserving books or journals. This would adversely impact the creation of new works, scholarly endeavor, and scientific progress.

14. Plaintiffs' educational books authorized for sale in the United States are of the highest quality (the "United States Editions"). These books are generally printed with strong, hard-cover bindings with glossy protective coatings and, in some cases, contain extra features such as sewn ribbon bookmarks. Plaintiffs frequently offer academic supplements, such as CD-ROMs, computer passwords that provide purchasers with access to academic websites corresponding to the textbooks, and study guides with the United States Editions.

15. Plaintiffs generally create different versions of their educational books that are intended for sale in specific geographic markets outside of the United States (the "Foreign Editions"). The Foreign Editions materially differ from the United States Editions. The Foreign Editions have thinner paper and different bindings, different cover and jacket designs,

4

fewer internal ink colors, if any, lower quality photographs and
graphics, and generally lower prices than the United States
Editions.  Also, the Foreign Editions often lack academic
supplements, such as CD-ROMs, website passwords, or study
guides.  The Foreign Editions are generally marked to
indicate their lower cost by a legend indicating, in substance,
that the title is a "Low Price Edition" and/or authorized for
sale only in a particular country or geographic region.  The
Foreign Editions are uniformly manufactured outside of the
United States.

<u>Plaintiffs' Copyrights and Trademarks</u>

        16.  Plaintiffs routinely register their copyrights.
Pearson has generally registered its copyrights in its works
(the "Pearson Copyrights") including those identified on
Schedule A.  Wiley has generally registered its copyrights in
its works (the "Wiley Copyrights") including those identified on
Schedule B.  Cengage has generally registered its copyrights in
its works (the "Cengage Copyrights") including those identified
on Schedule C.  McGraw-Hill has generally registered its
copyrights in its works (the "McGraw-Hill Copyrights") including
those identified on Schedule D.

        17.  Plaintiffs also own, themselves or through their
parent or affiliate companies, trademarks that they use to
differentiate their products from those of their competitors.

5

18.  Pearson PLC, Pearson's ultimate parent company, is the owner of and Pearson is an exclusive licensee of, with the accompanying right and duty to protect and enforce Pearson PLC's rights therein, the well-known trademarks "Pearson," "Pearson Education" and "Prentice Hall."  Pearson's affiliate corporation Addison Wesley Longman, Inc., is the owner of, and Pearson is the exclusive licensee of, with the accompanying right and duty to protect and enforce its and its affiliate company's rights therein, the well known trademarks "Addison Wesley" or "Addison-Wesley" (the "Pearson Trademarks").  The United States Registrations for the Pearson Trademarks are identified on Schedule E.

19.  Among Wiley's well-known trademarks are "John Wiley & Sons," "Wiley," and the "John Wiley Colophon" (the "Wiley Trademarks").  The United States Registrations for the Wiley Trademarks are identified on Schedule F.

20.  Among McGraw-Hill's well-known trademarks are "McGraw-Hill," "The McGraw-Hill Companies" and "Irwin" (the "McGraw-Hill Trademarks").  The United States Registrations for the McGraw-Hill Trademarks are identified on Schedule G.

## The Infringing Acts of Defendants

21.  Defendants have without permission purchased
Foreign Editions of plaintiffs' books manufactured outside of the
United States and resold them to purchasers in the United States
through the Internet using the e-mail address
great.texts@gmail.com and usernames "BookBug," "Book_Bug," and
"First Class Books" at the websites including, but not limited
to, Abebooks.com, Valorebooks.com and Bookbyte.com.

## FIRST CLAIM FOR RELIEF
### (Copyright Infringement – 17 U.S.C. § 501)

22.  Plaintiffs repeat the averments contained in
paragraphs 1 through 21 as if set forth in full.

23.  Pearson has received United States Certificates
of Copyright Registration for the Pearson Copyrights.

24.  Wiley has received United States Certificates of
Copyright Registration for the Wiley Copyrights.

25.  Cengage has received United States Certificates
of Copyright Registration for the Cengage Copyrights.

26.  McGraw-Hill has received United States
Certificates of Copyright Registration for the McGraw-Hill
Copyrights.

27.  The Pearson, Wiley, Cengage and McGraw-Hill
Copyrights are valid and enforceable.

28. Defendants have infringed the Pearson, Wiley, Cengage and McGraw-Hill Copyrights in violation of 17 U.S.C. § 501.

29. Defendants' acts have irreparably damaged and, unless enjoined, will continue to irreparably damage plaintiffs. Plaintiffs have no adequate remedy at law for these wrongs and injuries. Plaintiffs are, therefore, entitled to a preliminary and permanent injunction restraining and enjoining defendants and their agents, servants, employees, and attorneys and all persons acting in concert with them, from infringing the Pearson, Wiley, Cengage and McGraw-Hill Copyrights.

30. Defendants have willfully infringed the Pearson, Wiley, Cengage and McGraw-Hill Copyrights.

31. Plaintiffs are entitled to recover all damages sustained as a result of defendants' unlawful conduct including (1) defendants' profits, or (2) plaintiffs' damages, or alternatively (3) statutory damages.

SECOND CLAIM FOR RELIEF
(Trademark Infringement - 15 U.S.C. § 1114(a))

32. Plaintiffs repeat the averments contained in paragraphs 1 through 31 above as if set forth in full.

33. Pearson is the exclusive licensee of the Pearson Trademarks, with the accompanying right and duty to protect and enforce Pearson's rights therein. Pearson's licensor parent and

8

affiliate companies have obtained United States Trademark
Registrations for the Pearson Trademarks.

34. Wiley owns the Wiley Trademarks, for which it has
obtained United States Trademark Registrations.

35. McGraw-Hill owns the McGraw-Hill Trademarks, for
which it has obtained United States Trademark Registrations.

36. The Pearson, Wiley, and McGraw-Hill Trademarks
are valid and enforceable.

37. Defendants have infringed the Pearson, Wiley and
McGraw-Hill Trademarks in violation of 15 U.S.C. § 1114(a) by
using them on and/or in connection with the works that they have
sold.

38. Defendants' acts complained of herein have
irreparably damaged plaintiffs and may continue to do so. The
damage to plaintiffs includes harm to their good will and
reputation in the marketplace for which money cannot compensate.
Plaintiffs have no adequate remedy at law for these wrongs.
Plaintiffs are, therefore, entitled to a preliminary and
permanent injunction restraining and enjoining defendants, their
agents, servants, employees, and attorneys and all persons
acting in concert with them from using the Pearson, Wiley and
McGraw-Hill Trademarks or any colorable imitation of them.

39. Defendants have willfully infringed the Pearson,
Wiley and McGraw-Hill Trademarks.

40.  Plaintiffs are entitled to recover (1) defendants' profits from the infringing books, (2) plaintiffs' damages, (3) the costs of the suit, and (4) reasonable attorneys' fees.

<u>THIRD CLAIM FOR RELIEF</u>
(Common Law Unfair Competition Under State Law)

41.  Plaintiffs repeat the averments contained in paragraphs 1 through 40 above as if set forth in full.

42.  Defendants' acts complained of herein have damaged and may continue to damage plaintiffs irreparably.  The damage to plaintiffs includes harm to their goodwill and reputation in the marketplace for which money cannot compensate. Plaintiffs have no adequate remedy at law for these wrongs and injuries.  Plaintiffs are, therefore, entitled to a preliminary and permanent injunction restraining and enjoining defendants, their agents, servants, employees, and attorneys and all persons acting in concert with them from using the Pearson, Wiley and McGraw-Hill Trademarks or any colorable imitation of them, to restitution of defendants' ill-gotten gains, and to punitive damages in an amount to be determined by the trier of fact in this action.

WHEREFORE, plaintiffs demand judgment:

A.   Preliminarily and permanently enjoining defendants, their agents, servants, employees, and attorneys and

all those acting in concert with them from infringing the
Pearson, Wiley, Cengage and McGraw-Hill Copyrights in violation
of 17 U.S.C. § 501;

B.    Awarding plaintiffs their damages or defendants'
profits, or alternatively, at plaintiffs' election, statutory
damages, as a result of defendants' willful infringement of the
Pearson, Wiley, Cengage and McGraw-Hill Copyrights;

C.    Preliminarily and permanently enjoining
defendants, their agents, servants, employees, and attorneys and
all those acting in concert with them from infringing the
Pearson, Wiley and McGraw-Hill Trademarks in violation of 15
U.S.C. § 1114(a);

D.    Awarding plaintiffs their damages and/or
defendants' profits from their willful infringement of the
Pearson, Wiley and McGraw-Hill Trademarks pursuant to 15 U.S.C.
§ 1117(a);

E.    Directing that defendants engage in such
additional activities, including, but not limited to, recalls of
products and corrective advertising, as may be necessary and
appropriate to mitigate the damage defendants have caused;

F.    Awarding plaintiffs their costs in this action,
including their reasonable attorneys' fees pursuant 17 U.S.C.
§ 505 and 15 U.S.C. § 1117;

G.    Awarding plaintiffs punitive damages in an amount to be determined by the trier of fact in this action; and

H.    Granting such other and further relief as to this Court seems just and proper.

Dated:  New York, New York
        June 13 , 2008

                            DUNNEGAN LLC

                            By _William Dunnegan_
                               William Dunnegan (WD9316)
                               Megan L. Martin (MM4396)
                            Attorneys for Plaintiffs
                               Pearson Education, Inc.,
                               John Wiley & Sons, Inc.,
                               Cengage Learning Inc., and
                               The McGraw-Hill Companies, Inc.
                            350 Fifth Avenue
                            New York, New York 10118
                            (212) 332-8300

Schedule A
"Pearson Copyrights"

Title  (Date of Registration)  (Registration #)

1. Geotechnical Engineering, (July 31, 1998) (TX0004828742).

2. Logistics Engineering and Management, (October 15, 2003)
   (TX0005822830).

3. Human Resource Management, (September 26, 2001)
   (TX0005446188).

4. Introduction to Electrodynamics, (March 25, 1999)
   (TX0004950391).

5. Quantum Chemistry, (October 4, 1999) (TX0005053837).

6. Object-Oriented Software Engineering: Using UML, Patterns
   and Java, (October 15, 2003) (TX0005822836).

7. Adaptive Signal Processing, (April 16, 1985)
   (TX0001554955).

8. Supply Chain Management, (January 3, 2001) (TX0005323180).

9. Fundamentals of Embedded Software: Where C and Assembly
   Meet, (December 27, 2001) (TX0005448086).

13

Schedule B
"Wiley Copyrights"

<u>Title</u>       (<u>Date of Registration</u>)     (<u>Registration #</u>)

1. Elementary Differential Equations and Boundary Value
   Problems, (June 7, 2004) (TX0005981457).

2. Theories of Personality, (April 3, 1978)(TX0000025595).

3. Basic Inorganic Chemistry, (February 24, 1995)
   (TX0004012445).

4. Highway Engineering, (January 9, 2004) (TX0005906002).

5. Global Strategy and Organization, (July 1, 2003)
   (TX0005755018).

6. Discrete Multivariate Distributions, (May 14, 1997)
   (TX0004529928).

7. Microwave Engineering, (March 12, 2004) (TX0005939958).

Schedule C
"Cengage Copyrights"

<u>Title</u>  (<u>Date of Registration</u>) (<u>Registration #</u>)

1. Principles of Foundation Engineering, (January 22, 2007)
   (TX0006505845).

2. MATLAB Programming for Engineers, (January 18, 2002)
   (TX0005558727).

3. The Science and Engineering of Materials, (January 7, 2003)
   (TX0005656045).

4. Mathematics: A Discrete Introduction, (May 8, 2000)
   (TX0005206394).

Schedule D
"McGraw-Hill Copyrights"

<u>Title</u>        <u>Registration #</u>    <u>Date of Registration</u>

1. Wastewater Engineering: Treatment and Reuse, 4th ed., (June 22, 2006) (TX0006402717).

2. Electric Machines and Power Systems, (December 14, 1994) (TX0003964833).

3. Organizational Behavior, (June 4, 2004) (TX0005981407).

4. Complex Variables and Applications, (May 5, 2003) (TX0005715943).

5. Financial Statement Analysis, (September 28, 2004) (TX0006037765).

6. Financial Markets and Corporate Strategy, (November 13, 2001) (TX0005471539).

7. Leadership: Enhancing the Lessons of Experience, (December 27, 2001) (TX0005490584).

Schedule E
Pearson Trademarks

| U.S. Trademark | Registration Number | Class |
|---|---|---|
| 1. "Pearson" | 2,599,724 | 009, 016, 035, 042 |
| 2. "Pearson" | 2,600,081 | 041 |
| 3. "Pearson" | 2,652,792 | 009, 016 |
| 4. "Pearson" | 2,679,355 | 016 |
| 5. "Pearson" | 2,691,830 | 041 |
| 6. "Pearson" | 2,694,359 | 009 |
| 7. "Prentice-Hall" | 1,332,044 | 016 |
| 8. "Prentice-Hall" | 1,332,639 | 042 |
| 9. "Prentice-Hall" | 1,375,654 | 009 |
| 10. "Addison Wesley" | 2,188,798 | 016 |
| 11. "Addison-Wesley" | 2,400,130 | 016 |

Schedule F
Wiley Trademarks

| | U.S. Trademark | Registration Number | Class |
|---|---|---|---|
| 1. | "JW" Colophon | 2,168,941 | 009, 042 |
| 2. | "Wiley" | 1,003,988 | 009, 016, 036, 038 |
| 3. | "Wiley" | 2,159,987 | 009, 042 |

Schedule G
McGraw-Hill Trademarks

| | U.S. Trademark | Registration Number | Class |
|---|---|---|---|
| 1. | "McGraw-Hill" | 1,350,345 | 16 |
| 2. | "McGraw-Hill" | 2,899,528 | 16, 41 |
| 3. | "The McGraw-Hill Companies" | 3,103,212 | 9,16,35,36,37, 38,39,40,41,42 |
| 4. | "Irwin" | 1,718,118 | 16 |

19